IN THE CIRCUIT COURT OF THE 7TH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

| | |
|---|---|
| DENNIS SMITH, an Individual | Case No. |
| Plaintiff, | ) |
| Vs. | ) |
| | ) |
| CITY OF DAYTONA BEACH, | ) |
| a Florida municipal corporation, | ) |
| | ) |
| GLENN RITCHEY, as Mayor of the City of | ) |
| Daytona Beach, | ) |
| | ) |
| MIKE CHITWOOD, as Chief of Police of the | ) |
| Daytona Beach Police Department, and | ) |
| | ) |
| B. DAVEN, an Individual, | ) |
| (Officer ID No. 03003) | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Dennis Smith ("Plaintiff"), hereby sues Defendants, City of Daytona Beach ("City"), Glenn Ritchey, as Mayor of the City of Daytona Beach ("Mayor Ritchey"), Mike Chitwood, as Chief of Police of the Daytona Beach Police Department ("Chief Chitwood"), and B. Daven (Officer ID No. 03003) ("Officer Daven"), collectively ("Defendants") and states:

### JURISDICTION AND VENUE

1. This is a civil rights action wherein Plaintiff seeks compensatory and punitive damages from the City of Daytona Beach, Mayor Ritchey, Chief Chitwood, and Officer Daven.

2. Plaintiff's claims are made pursuant to Florida law, as well as the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 and § 1988.

3. Plaintiff hereby invokes the concurrent jurisdiction of the Circuit Court of the 7th Judicial Circuit for Volusia County, Florida, as provided for by Florida law and the Florida Constitution.

4. Venue is proper in Volusia County, Florida, pursuant to Chapter § 47.011, Florida Statutes, as it is the county in which the action arose and where the Defendants are subject to *in personam* jurisdiction.

5. Plaintiff seeks money damages in excess of $15,000.00, exclusive of costs, interest, and attorney's fees.

## CONDITIONS PRECEDENT

6. Plaintiff timely furnished Defendants with written notice of this claim, including without limitation, compliance with the provisions of Chapter 768.28, Florida Statutes, which claim was denied. A copy of said notice is attached hereto as **Exhibit "A."**

7. Plaintiff has satisfied all conditions precedent to bringing this action or the conditions have been waived.

## PARTIES

8. Plaintiff, Dennis Smith, is a citizen and resident of Jacksonville, Florida. At all times material hereto, Plaintiff was a business owner of a gourmet food distributing company for approximately (10) years, an avid race car fan, and a productive citizen of his community.

9. Defendant City of Daytona Beach is a municipal corporation located in Volusia County, Florida, and is organized and existing under the laws of the State of Florida. In this cause, Defendant City of Daytona Beach acted through its agents, employees, and servants.

10. Defendant Glenn Ritchey is the mayor and is sued in his official capacity.

11. Defendant Mike Chitwood is the Chief of Police of the Daytona Beach Police Department and is sued in his official capacity.

12. Defendant Daven, at all times material hereto, was a police officer with the Daytona Beach Police Department and is sued in his official, or alternatively, in his individual capacity.

## STATEMENT OF FACTS

13. Plaintiff was wrongfully and unjustifiably harassed, terrorized, and falsely arrested by the combined and concerted activity of the Defendants named herein when Plaintiff visited the City of Daytona Beach and attended a racing event at the Daytona Beach Raceway ("Raceway"), Daytona Beach, Florida.

14. Plaintiff is an avid sports fan with a particular adoration for Nascar Racing. On February 10, 2007, Plaintiff attended the Budweiser Sponsored "Bud Shoot Out Race" at the Raceway.

15. During the race, Plaintiff learned that racing icon, Dale Earnhart, Jr., as well as other celebrity drivers, often visit a local business establishment, Lollipops, after the races.

16. Subsequent to the race, Plaintiff, along with other race fans, went to Lollipops in hopes of meeting the Nascar celebrities and possibly obtaining autographs and photographs.

17. Plaintiff waited all evening but when no celebrities showed, Plaintiff left the business establishment.

18. Upon leaving Lollipops, Plaintiff and other race fans saw a police officer from the Daytona Beach Police Dept. yelling and screaming in what witnesses described as a "steroid rage," and otherwise harassing a woman who was engaged in conversation with the officer.

19. Seeing what the group perceived to be inappropriate police conduct, one of the race fans commented about the officer's conduct. The officer learned of the comment and directed his hostility at the group and shouted, "You shut up or I will take your ass to jail too!"

20. As Plaintiff and the accompanying group of race fans started walking away in compliance with the officer's instruction, Plaintiff walked by the officer and asked, "Why do you have to act like that?"

21. This simple interrogatory elicited an uncontrollable outrage from the officer who suddenly, and without warning, grabbed Plaintiff by the arm, kicked Plaintiff's legs out from under him, slammed Plaintiff's face down onto the concrete, kneed Plaintiff in the back of the head, twisted Plaintiff's arm behind his back, handcuffed Plaintiff, rubbed Plaintiff's face across the sidewalk, and knocked Plaintiff unconscious.

22. Plaintiff awoke as he was being thrown on his face into the rear of a panel van ("Paddy Wagon"), which transported Plaintiff to the local jail. Plaintiff was charged with the following crime under Florida state law:

> 877.03. Breach of the peace; disorderly conduct
>
> Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

23. The arrest was accomplished by the individual police officer in the course of employment, under color of law, and in the course of duty. Said agent of the City of Daytona Beach brutally beat Plaintiff and subsequently falsely arrested Plaintiff as a means to orchestrate a cover up of the arrest and to instill fear, harm, duress, and coercion into the very hearts of law abiding citizens of the community.

24. As a result of the officer's conduct, Plaintiff suffered multiple injuries, including possible permanent injury, loss of circulation in his hands, and bleeding from the face and wrists. The facts understate the brutality of the officer's attack. Indeed, Plaintiff was forced to seek medical care for extreme trauma, including without limitation, a fractured wrist, bone fragments, tissue swelling, a deviated septum, possible permanent eye injury, and potential orthopedic

surgery on his wrist, which was crushed and disfigured by the officer who used the handcuffs to inflict pain and injury on Plaintiff during the officer's attack.

25.     As a result of the wrongful intentional acts of Defendants, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, and a fundamental affront to his human dignity.

26.     The police brutality and false arrest was also the direct product of certain constitutionally deficient polices, practices and customs implemented, maintained and tolerated by the Daytona Beach Police Dept. and the City of Daytona Beach with respect to police hiring, training, supervising, disciplining and monitoring of police personnel. Said *de facto* policies, pervasive practices and customs were the proximate cause of Plaintiff's injuries, and are conjunctive with an atmosphere of police abuse of power and corruption in local government which threatens the very fabric of a free democratic society.

27.     The police brutality and false arrest was not a singular event or an aberration, but rather it is the latest incident in a series of police corruption instances that are paramount to the need for social reform.

28.     Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf and he is obligated to pay reasonable costs and attorney's fees.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## COGNIZABLE UNDER 42 U.S.C. § 1983
### (As Against All Defendants)

29. Plaintiff adopts, re-asserts, re-alleges, and incorporates by reference the above paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff has clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

31. The City of Daytona Beach, through the actions of its agents, caused Plaintiff's unlawful seizure under the color of law, but without lawful authority in the absence of probable cause.

32. Defendants' arrest of Plaintiff in the absence of probable cause that Plaintiff committed any criminal offense constitutes false arrest pursuant to common law.

33. The false arrest of Plaintiff by Defendants was committed by Defendant Officer Daven, in the course and scope of employment as a police officer and agent of the Defendant City of Daytona Beach.

34. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damage to reputation.

35. As a further direct and proximate result of the conduct of Defendant City of Daytona Beach, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, loss of capacity for the enjoyment of life, and a fundamental affront to his human dignity. Further, Plaintiff incurred expenses for medical care, medication, and treatment. Plaintiff's losses are either permanent or continuing as Plaintiff will suffer future damages, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays for Judgment for compensatory damages; judgment for exemplary damages; costs of suit; reasonable attorney's fees pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and for such other and further relief as this Court deems just and proper.

## COUNT II
## CUSTOM, POLICY OR PRACTICE CLAIM
## COGNIZABLE UNDER 42 U.S.C. § 1983
### (As Against All Defendants)

36. Plaintiff adopts, re-asserts, re-alleges, and incorporates by reference the above paragraphs 1 through 28 as if fully set forth herein.

37. Plaintiff has clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

38. The City of Daytona Beach, with full knowledge that its agents would have broad discretion to arrest and institute criminal charges against citizens, empowered its officers with final policy making authority.

39. The City of Daytona Beach failed to implement any policy, procedure, training, or safeguard to adequately protect the rights of citizens against unlawful arrests and abusive practices by its police personnel or to prevent its police officers from arresting citizens without the requisite probable cause.

40. The City of Daytona Beach, through its agents, pursuant to its official policies and unofficial practices, acted under color of state law with complete indifference to the constitutional rights of citizens, including without limitation, the constitutional rights of Plaintiff.

41. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damage to reputation.

42. As a further direct and proximate result of the conduct of Defendant City of Daytona Beach, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, loss of capacity for the enjoyment of life, and a fundamental affront to his human dignity. Further, Plaintiff incurred expenses for medical care, medication, and treatment. Plaintiff's losses are either permanent or continuing as Plaintiff will suffer future damages, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays for Judgment for compensatory damages; judgment for exemplary damages; costs of suit; reasonable attorney's fees pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and for such other and further relief as this Court deems just and proper.

## COUNT III
## BATTERY/EXCESSIVE USE OF FORCE & POLICE BRUTALITY
## COGNIZABLE UNDER 42 U.S.C. § 1983
(As Against All Defendants)

43. Plaintiff adopts, re-asserts, re-alleges, and incorporates by reference the above paragraphs 1 through 28 as if fully set forth herein.

44. Plaintiff has clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure and arrest involving excessive use of force, and to not be subjected to unreasonable, excessive, and harmful use of force.

45. Notwithstanding Plaintiff's rights, The City of Daytona Beach used unreasonable and unnecessary force during the arrest of Plaintiff, which excessive force constitutes battery.

46. The unreasonable and unnecessary use of force by Defendant's agent was excessive and objectively unreasonable under the circumstances to the extent that any person should have foreseen the harmful and offensive contact by Defendants against Plaintiff.

47. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damage to reputation.

48. As a further direct and proximate result of the conduct of Defendant City of Daytona Beach, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, loss of capacity for the enjoyment of life, and a fundamental affront to his human dignity. Further, Plaintiff incurred expenses for medical care, medication, and treatment. Plaintiff's losses are either permanent or continuing as Plaintiff will suffer future damages, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays for Judgment for compensatory damages; judgment for exemplary damages; costs of suit; reasonable attorney's fees pursuant to 42 U.S.C. § 1988; trial by jury as to all issues so triable; and for such other and further relief as this Court deems just and proper.

## COUNT IV
## FALSE ARREST PURSUANT TO STATE LAW
### (As Against All Defendants)

49. Plaintiff adopts, re-asserts, re-alleges, and incorporates by reference the above paragraphs 1 through 28 as if fully set forth herein.

50. The City of Daytona Beach, through the actions of its agents, caused Plaintiff's wrongful arrest without lawful authority in the absence of probable cause. The actions of the Defendants constitute false arrest pursuant to state law.

51. Defendant City of Daytona Beach proximately caused Plaintiff's arrest in the

absence of probable cause that Plaintiff committed any criminal offense.

52. The false arrest of Plaintiff by Defendant was committed through Defendant Officer Daven in the course and scope of employment as a police officer for the Defendant City of Daytona Beach.

53. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damage to reputation.

54. As a further direct and proximate result of the conduct of Defendant City of Daytona Beach, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, loss of capacity for the enjoyment of life, and a fundamental affront to his human dignity. Further, Plaintiff incurred expenses for medical care, medication, and treatment. Plaintiff's losses are either permanent or continuing as Plaintiff will suffer future damages, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays for Judgment awarding compensatory damages; costs of suit; reasonable attorney's fees pursuant to state law, trial by jury as to all issues so triable; and for such other and further relief as this Court deems just and proper.

## COUNT V
## FALSE ARREST PURSUANT TO STATE LAW
### (Alternatively pled against B. Daven Individually)

55. Plaintiff adopts, re-asserts, re-alleges, and incorporates by reference the above paragraphs 1 through 28 as if fully set forth herein.

56. Alternatively, Defendant B. Daven, individually, proximately caused Plaintiff's wrongful arrest in the absence of probable cause that Plaintiff committed any criminal offense.

57. The actions of Defendant B. Daven, individually, caused Plaintiff's unlawful seizure under the color of law, but without lawful authority in the absence of probable cause.

The actions of the Defendant constitute false arrest pursuant to state law.

58.  In the event the finder of fact determines that the false arrest of Plaintiff by Defendant was not committed in the course and scope of employment as a police officer for the City of Daytona Beach, or was committed in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the false arrest of Plaintiff was committed by Defendant in his individual capacity.

59.  As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damage to reputation.

60.  As a further direct and proximate result of the conduct of Defendant, individually, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, loss of capacity for the enjoyment of life, and a fundamental affront to his human dignity. Further, Plaintiff incurred expenses for medical care, medication, and treatment. Plaintiff's losses are either permanent or continuing as Plaintiff will suffer future damages, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays for Judgment awarding compensatory damages; costs of suit; reasonable attorney's fees pursuant to state law, trial by jury as to all issues so triable; and for such other and further relief as this Court deems just and proper.

### COUNT VI
### BATTERY/EXCESSIVE USE OF FORCE & POLICE BRUTALITY PURSUANT TO STATE LAW
(Alternatively pled against B. Daven Individually)

61.  Plaintiff adopts, re-asserts, re-alleges, and incorporates by reference the above paragraphs 1 through 28 as if fully set forth herein.

62.  Plaintiff has clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure

and arrest involving excessive use of force, and to not be subjected to unreasonable, excessive, and harmful use of force.

63. Alternatively, Defendant B. Daven, individually, notwithstanding Plaintiff's rights, used unreasonable and unnecessary force during the false arrest of Plaintiff, which excessive force constitutes the offense of simple battery under Florida law.

64. In the event the finder of fact determines that Defendant Daven acted outside the course and scope of employment as a police officer for the City of Daytona Beach, or was committed in bad faith with malicious purpose or in a manner exhibiting wanton and willful disregard of Plaintiff's rights, the battery with excessive use of force and police brutality was committed by Defendant Daven in his individual capacity.

65. The unreasonable and unnecessary use of force by Defendant Daven was excessive and objectively unreasonable under the circumstances to the extent that any person should have foreseen the harmful and offensive contact by Defendant against Plaintiff.

66. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering, and damage to reputation.

67. As a further direct and proximate result of the conduct of Defendant Daven, Plaintiff suffered profound emotional and psychological trauma, humiliation and embarrassment, physical injury, injury to his reputation and good name, loss of capacity for the enjoyment of life, and a fundamental affront to his human dignity. Further, Plaintiff incurred expenses for medical care, medication, and treatment. Plaintiff's losses are either permanent or continuing as Plaintiff will suffer future damages, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays for Judgment awarding compensatory damages; costs of suit; reasonable attorney's fees pursuant to state law, trial by jury as to all issues so triable; and for such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

68. Plaintiff demands trial by jury on all issues so triable as of right.

Dated: October 10th, 2008

THE COATES LAW FIRM
**Attorneys for Plaintiff Dennis Smith**
12012 South Shore Blvd., Ste. 107
Wellington, Florida 33414
Phone: (561) 333-4911
Fax: (561) 333-4988

By: _____
Howard K. Coates, Jr., Esq.
Florida Bar No. 0714569
Spencer Gollahon, Esq.
Florida Bar No. 0647799

# EXHIBIT "A"

# THE COATES LAW FIRM
PROFESSIONALISM • INTEGRITY • EXCELLENCE

HOWARD K. COATES, JR.*†
MARY F. APRIL**
KEVIN J. BYRNE**
SPENCER GOLLAHON
JACK R. COTTRELL, JR.

LICENSED IN FLORIDA AND GEORGIA*
OF COUNSEL**

FLORIDA SUPREME COURT CERTIFIED
CIRCUIT CIVIL, COUNTY AND FAMILY
LAW MEDIATOR †

PLEASE RESPOND TO:

CHANCELLOR CORPORATE CENTER
12012 SOUTH SHORE BOULEVARD
SUITE 107
WELLINGTON, FLORIDA 33414

TELEPHONE (561) 333-4911
FACSIMILE (561) 333-4988
hcoates@coateslawfirm.com
www.coateslawfirm.com

February 28, 2008

## SENT VIA CERTIFIED MAIL/RETURN RECEIPT

Glenn Ritchey, Mayor
City of Daytona Beach
301 S. Ridgewood Ave.
Daytona Beach, FL 32115-2451

Re:   In re: <u>Dennis Smith v. City of Daytona Beach et al.</u>
      Incident Date: February 11, 2007
      In Volusia County, Florida, Case No. TBD

Dear Mayor Ritchey:

Please be advised that this firm represents Dennis Smith in the above-referenced matter. Notice is hereby given, pursuant to Section 768.28(6), Florida Statutes, that Mr. Smith will seek recovery for damages and injuries he sustained arising from the false arrest and police beating by agents of the City of Daytona Beach Police Department that occurred on February 11, 2007.

On February 11, 2007, Mr. Smith and several other Nascar racing fans were guests in your city for attendance at the Daytona Beach Raceway's Budweiser sponsored "Bud Shoot Out Race." Subsequent to the race, Mr. Smith accompanied other Nascar racing fans to a local business establishment where celebrity drivers were rumored to visit in hopes of obtaining autographs and photographs with celebrity Nascar drivers.

Upon leaving the establishment, some of the racing fans noticed one of your city's police officers acting inappropriately with a woman in the parking lot. When one of the racing fans commented about the officer's inappropriate conduct, the officer became enraged. Without provocation or justification, the officer attacked Mr. Smith, broke his wrist, broke his nose, and beat him into unconsciousness. As a result of this heinous and senseless attack, Mr. Smith has suffered permanent physical injury, as well as mental and emotional harm. The attack was witnessed by numerous other racing fans. We are enclosing copies of some of the photographs depicting the injuries Mr. Smith suffered as a result of the police beating.

## THE COATES LAW FIRM

Letter to Mayor Ritchey
February 28, 2008
Page 2

    Therefore, demand is hereby made on behalf of Dennis Smith, for the City, its agents, and other personnel involved, to issue a formal apology to Mr. Smith for their conduct, and to pay him the amount of $685,000.00 as compensation for the injuries, damages, and other costs he has sustained, including without limitation, medical expenses, present and future physical and emotional pain, present and future mental anguish, and attorney's fees. Said demand is based on a calculated estimate from previous jury awards in this jurisdiction for these types of claims.

    If we do not receive a satisfactory response from you within ten (10) days from the date of this letter, we will pursue all rights, claims, and remedies available to our client.

    Please govern yourself accordingly.

Sincerely,

Howard K. Coates, Jr.

HKCjr/mar
No enclosures